IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RIVIAN, LLC, | : |
| Plaintiff, | : Case No: 2:25-cv-00858-MHW-CMV |
| vs. | : Judge Michael H. Watson |
| | : Magistrate Judge Chelsea M. Vascura |
| CHARLES L. NORMAN, in his official capacity as the Registrar of Motor Vehicles of the Ohio Bureau of Motor Vehicles, | : DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| Defendant. | : |

For his answer to the Complaint of Plaintiff Rivian LLC ("Rivian"), Defendant Charles L. Norman ("Defendant") states as follows:

## NATURE OF THE ACTION

1. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 1 of Rivian's Complaint and therefore denies those allegations.

2. Defendant admits that R.C. 4517.12(A)(11) contains the sentence quoted in Paragraph 2 of Rivian's Complaint. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in the remainder of Paragraph 2 of Rivian's Complaint and therefore denies those allegations.

3. Defendant denies the allegations contained in Paragraph 3 of Rivian's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Rivian's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Rivian's Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

7. Paragraph 7 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

8. Paragraph 8 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

## PARTIES

9. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 9 of Rivian's Complaint and therefore denies those allegations.

10. Defendant admits the allegations contained in Paragraph 10 of Rivian's Complaint.

## FACTUAL ALLEGATIONS

11. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 11 of Rivian's Complaint and therefore denies those allegations.

12. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 12 of Rivian's Complaint and therefore denies those allegations.

13. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 13 of Rivian's Complaint and therefore denies those allegations.

14. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 14 of Rivian's Complaint and therefore denies those allegations.

15. Defendant admits that Rivian does not currently have any dealer-licensed locations in Ohio. Defendants admit that those who purchase a vehicle in Ohio must pay taxes and register the vehicle in this State. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in the remainder of Paragraph 15 of Rivian's Complaint and therefore denies those allegations.

16. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 16 of Rivian's Complaint and therefore denies those allegations.

17. For its response to Paragraph 17 of Rivian's Complaint, Defendant states that R.C. 4517.02 and R.C. 4517.12 speak for themselves. To the extent the allegations in Paragraph 17 of Rivian's Complaint are inconsistent with the text of those statutes, Defendant denies those allegations.

18. Defendant admits that in or around 2013, the Registrar of Motor Vehicles licensed Tesla as a motor vehicle dealer in Ohio, and Tesla opened two dealerships in this State. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in the remainder of Paragraph 18 of Rivian's Complaint and therefore denies those allegations.

19. Defendant admits that the Ohio General Assembly passed Senate Bill 260 in 2014 and states that R.C. 4517.12 speaks for itself. To the extent the allegations in Paragraph 19 of Rivian's Complaint is inconsistent with the text of that statute, Defendant denies those allegations. The remainder of Paragraph 19 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that Defendant is required to respond to those allegations, Defendant denies them.

20. For its response to Paragraph 20 of Rivian's Complaint, Defendant states that R.C. 4517.12(A)(11) and the legislative report on Senate Bill 260 by the Ohio Legislative Service Commission speak for themselves. Defendant denies the remaining allegations contained in Paragraph 20 of Rivian's Complaint, including the allegations contained within footnote 1.

21. Defendant denies the allegations contained in Paragraph 21 of Rivian's Complaint.

22. Paragraph 22 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

23. Paragraph 23 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

24. Paragraph 24 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

25. Paragraph 25 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, including the allegations contained within footnote 2.

26. Paragraph 26 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

27. Paragraph 27 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, including the allegations contained within footnote 3.

28. Paragraph 28 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

29. Paragraph 29 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

30. Paragraph 30 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

31. Paragraph 31 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

32. Paragraph 32 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

33. Paragraph 33 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, including the allegations contained within footnotes 4, 5, and 6.

34. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 34 of Rivian's Complaint and therefore

denies those allegations, including the allegations contained within footnotes 7, 8, 9, and 10.

35. Defendant lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in Paragraph 35 of Rivian's Complaint and therefore denies those allegations, including the allegations contained within footnote 11.

36. Paragraph 36 of Rivian's Complaint presents legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein, including the allegations contained within footnote 12.

## CLAIMS FOR RELIEF

### Count I

37. Defendant hereby incorporates the preceding responses as if fully set forth herein.

38. Defendant denies the allegations contained in Paragraph 38 of Rivian's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Rivian's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Rivian's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Rivian's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Rivian's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Rivian's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Rivian's Complaint.

## Count II

45. Defendant hereby incorporates the preceding responses as if fully set forth herein.

46. Defendant denies the allegations contained in Paragraph 46 of Rivian's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Rivian's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Rivian's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Rivian's Complaint, including the allegations contained within subparagraphs a through c and all subparts therein.

50. Defendant denies the allegations contained in Paragraph 50 of Rivian's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Rivian's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Rivian's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asserts that Rivian is not entitled to any of the relief listed in Paragraphs A through C of this section of the Complaint and respectfully requests that this Court enter judgment in his favor.

## AFFIRMATIVE DEFENSES

1. Rivian's Complaint fails to state a claim upon which relief can be granted.

2. Rivian's Complaint is foreclosed, in whole or in part, by the doctrine of laches.

Respectfully submitted,

*/s/ Philip D. Williamson*
Philip D. Williamson (0097174), Trial Attorney
Anne M. McClellan (0098922)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
*pwilliamson@taftlaw.com*
*amcclellan@taftlaw.com*

David C. Roper (0099782)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, Ohio 43215
Phone: (614) 221-2838
Fax: (614) 221-2007
*droper@taftlaw.com*

*Attorneys for Defendant Charles L. Norman*

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2025, I filed the foregoing document electronically using the Court's CM/ECF system, which will send a copy to counsel of record.

<u>/s/ Philip D. Williamson</u>
*Attorney for Defendant Charles L. Norman*