UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RIVIAN, LLC,

        Plaintiff,

   v.                             Civil Action 2:25-cv-858
                                       Judge Michael H. Watson
                                       Magistrate Judge Chelsey M. Vascura

CHARLES L. NORMAN,

        Defendant.

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on September 25, 2025, and indicated their preference that the Court issue a Preliminary Pretrial Order without a conference. Accordingly, the October 6, 2025 preliminary pretrial conference is **VACATED**.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **October 31, 2025**.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **November 5, 2025**.

### Motions

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiff, an automotive company, challenges the constitutionality of Ohio Revised Code Chapter 3517.12(A)(11), which bars the issuance of dealer licenses to manufacturers and to their parent, subsidiary, or affiliated entities. Plaintiff argues that the statute violates the Fourteenth Amendment's Due Process and Equal Protection clauses. Defendant, the Registrar of Motor Vehicles for the Ohio Bureau of Motor Vehicles, denies Plaintiff's claims.

**Expert Disclosures**

Primary expert reports, if any, must be produced by **March 16, 2026**. Rebuttal expert reports, if any, must be produced by **April 15, 2026**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All fact discovery shall be completed by **February 13, 2026** and all expert discovery will be completed by **May 8, 2026**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties do not anticipate the production of ESI.

The parties do not intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **May 29, 2026**.

**Settlement**

Based upon the facts of the case and the representations of the parties, the Court defers

setting a mediation date at this time.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make

quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the

next business day will control.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE